```
RANDY S. GROSSMAN
United States Attorney
MICHAEL A. DESHONG
California Bar No. 301041
ROBERT J. MILLER
Pennsylvania Bar No. 309258
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8403

Attorneys for Plaintiff
United States of America
```



FILED
JUN 2 1 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUAN CARLOS ZEPEDA-SANTOS (3),<br><br>　　　　Defendant. | Case No. 22-cr-216-JLS-3<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Michael A. Deshong and Robert J. Miller, Assistant United States Attorneys, and defendant, JUAN CARLOS ZEPEDA-SANTOS, with the advice and consent of Russell S. Babcock, counsel for defendant, as follows:

//
//
//
//
//
//
//

RJMI:6/7/22

Def. Initials  JLZ

# I

## THE PLEA

A. The Charges.

Defendant agrees to plead guilty to Counts 1 and 4 of a four-count First Superseding Indictment charging defendant as follows:

### Count 1

Beginning on a date unknown to the grand jury, but at least as early as April 2016, and continuing up to and including the date of this Indictment, within the Southern District of California and elsewhere, defendants ROBERTO SALAZAR II, JOSE ERNESTO LOPEZ, and JUAN CARLOS ZEPEDA-SANTOS, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to distribute 1 kilogram and more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance; 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; and 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and 846.

### Count 4

On or about January 22, 2022, within the Southern District of California, defendant JUAN CARLOS ZEPEDA-SANTOS, did knowingly and intentionally import 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952 and 960.

B. Preservation of Evidence.

Defendant agrees further that, following entry of defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. With respect to any controlled substance seized in connection with this case, defendant agrees that, following entry of defendant's guilty plea, the Government need not preserve, and
2

Def. Initials JLZ
Case No. 22-cr-216-JLS

may destroy, the controlled substance thirty (30) days after the Government has provided defendant with the laboratory analysis report. If defendant believes that additional testing is needed, defendant will arrange for, and complete, such testing within the above-referenced thirty (30) day period, unless that period is extended by joint written agreement between the parties or by order of the Court, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. Furthermore, if the court has issued a preservation order in connection with any seized evidence, the defendant agrees to jointly request that the Court lift or revoke the preservation order following entry of defendant's guilty plea.

C. <u>Forfeiture</u>.

Defendant further agrees to forfeiture of all properties seized in connection with this case. The forfeiture is more fully described in Section X below.

## II

### NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offenses to which defendant is pleading guilty have the following elements:

Count 1

1. Beginning on a date unknown, but at least as early as April 2016, and ending on or about February 2, 2022, there was an agreement between two or more persons to distribute heroin, methamphetamine, cocaine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl); and

2. Defendant became a member of the conspiracy knowing of its purpose to distribute heroin, methamphetamine, cocaine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), and intending to help accomplish that purpose.

In addition, for the purposes of sentencing, the Government would have to prove beyond a reasonable doubt, that: (1) the amount of heroin involved in the offense was at least one kilogram of a mixture or substance containing a detectable amount of heroin; (2) the amount of methamphetamine involved in the offense was at least 50 grams of methamphetamine (actual); (3) the amount of cocaine involved in the offense was at least five kilograms of a mixture or substance containing a detectable amount of cocaine; and (4) the amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl) involved in the offense was at least 400 grams of a mixture and substance containing a detectable amount of fentanyl.

Count 4

1. Defendant knowingly brought N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl) into the United States from a place outside the United States; and

2. Defendant knew that is was N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl) or some other federally controlled substance.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl) involved in the offense was at least 400 grams of a mixture or substance containing a detectable amount fentanyl.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning on a date unknown, but at least as early as April 2016, and continuing up to and including February 22, 2022, within the Southern District of California and elsewhere, an agreement existed between at least two people to distribute heroin, methamphetamine, cocaine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl).

2. Defendant JUAN CARLOS ZEPEDA-SANTOS joined this agreement knowing that its purpose was to distribute heroin, methamphetamine, cocaine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), and intending to help accomplish the agreement's unlawful object or purpose.

3. For example, in furtherance of the conspiracy:

    a. On at least six occasions, ZEPEDA-SANTOS drove his 2004 BMW 545i (CA/8RFB443) into Mexico and delivered it to a mechanic shop, where fentanyl and other federally controlled substances were loaded in the intake manifold of the vehicle's engine. On each occasion, ZEPEDA-SANTOS then drove his vehicle back across the border into the United States and delivered it to locations in Los Angeles, California, where the controlled substances were unloaded from the intake manifold and prepared for distribution within the United States.

    b. On two different occasions between on or about March 1, 2021, and April 30, 2021, ZEPEDA-SANTOS drove his vehicle to a residence near Visalia, California, where he delivered controlled substances to an individual known to him as "Pit." While at the residence, ZEPEDA-SANTOS picked up an unknown amount of bulk cash and used his vehicle to smuggle it south into Mexico, where he delivered the cash to an individual known to him as "Padrino," or another individual working for the drug-trafficking organization. ZEPENDA-SANTOS understood this cash to be the proceeds from drug smuggling.

    c. On September 8, 2021, ZEPEDA-SANTOS coordinated with codefendant Roberto SALAZAR II to meet J.R. (charged elsewhere) at a coffee shop located at 3801 Martin Luther King Boulevard in Lynwood, California. ZEPEDA-SANTOS met J.R. to accept delivery of a white 2003 BMW 745 LI (CA/8VDN495) that J.R. had recently imported into the United States with federally controlled substances concealed inside the intake manifold. ZEPEDA-SANTOS then drove the vehicle to a nearby stash house, where the controlled substances concealed in the intake manifold were unloaded and prepared for distribution, before returning the vehicle to ~~the~~ RAMOS at the same coffee shop.

5

Def. Initials   JLZ
Case No. 22-cr-216-JLS

       d.   ZEPEDA-SANTOS communicated and coordinated with co-defendants Roberto SALAZAR II, Jose Ernesto LOPEZ, and others, in furtherance of the conspiracy's unlawful objective, using encrypted messaging applications such as WhatsApp and Signal to conceal the group's activities and evade detection by law enforcement.

       e.   On or about January 22, 2022, ZEPEDA-SANTOS drove his 2004 BMW 545i (CA/8RFB443) from Mexico into the United States through the Otay Mesa Port of Entry. At the time he drove his vehicle into the United States, the car contained approximately 8.06 kilograms (17.76 pounds) of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl) concealed inside the intake manifold. At the time ZEPEDA-SANTOS drove his vehicle into the United States, he knew it contained fentanyl or some other federally controlled substance.

4.   ZEPEDA-SANTOS's agreement with others to distribute controlled substances involved at least one kilogram of a mixture or substance containing a detectable amount of heroin, at least 50 grams of methamphetamine (actual), at least five kilograms of a mixture or substance containing a detectable amount of cocaine, and at least 400 grams of a mixture and a substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), and these types and quantities of controlled substances fell within the scope of ZEPEDA-SANTOS's agreement with his co-conspirators, were reasonably foreseeable to ZEPEDA-SANTOS, and in furtherance of the conspiracy.

### III

### **PENALTIES**

The crimes to which defendant is pleading guilty carry the following penalties:

#### Counts 1 and 4

A.   a maximum of life in prison; and a mandatory minimum of 10 years;

B.   a maximum $10,000,000 fine;

C.   a mandatory special assessment of $100.00 per count;

D.   a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E.  possible ineligibility for certain Federal benefits.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened Defendant or Defendant's family to induce this guilty plea;

D. Defendant is pleading guilty because Defendant is guilty and for no other reason; and

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

8

Def. Initials JLZ
Case No. 22-cr-216-JLS

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any

of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable), based on the November 1, 2018 guidelines:

| | | | |
|---|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1] | | 34* |
| 2. | Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2] | | -2** |
| 3. | Acceptance of Responsibility [§ 3E1.1] | | -3 |
| 4. | Combination of Circumstances [§ 5K2.0] | | -3*** |

**\*The actual Base Offense Level (BOL) cannot be determined until a laboratory has performed a chemical analysis of a sample of the controlled substance(s), so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with the results of the laboratory testing of the sample and the weight of the controlled substance(s) as determined at the time of defendant's arrest (after first incorporating a 10% reduction in the overall weight to reflect a reduction in the weight for packaging and other considerations). If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, defendant will be ineligible for any role reduction.**

**\*\*If defendant meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2 or meets the requirements under USSG § 5C1.2(a)(2)-(5) and the criminal history requirements as provided in the First Step Act, the United States will recommend a two-level reduction of the guidelines.**

**\*\*\*The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.**

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. <u>FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553</u>

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

//

//

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend the greater of: within the advisory guideline range as calculated by the Government; the statutory mandatory minimum sentence, if applicable; or the time served in custody at the time of sentencing.

G. SPECIAL ASSESSMENT

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised

12

Def. Initials JLZ
Case No. 22-cr-216-JLS

release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

I. FORFEITURE

The Defendant agrees and consents to the forfeiture to the United States of all property seized in connection with this case. Defendant agrees all property(ies) are subject to forfeiture to the United States pursuant to Title 21, United States Code, Sections 853 and 881. Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated. Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that

may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in court;

D. Attempting to withdraw the plea;

E. Failing to abide by any court order related to this case;

F. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any

15

Def. Initials JLZ
Case No. 22-cr-216-JLS

statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

June 14, 2022
DATED

/s/ Michael A. Deshong
MICHAEL A. DESHONG
ROBERT J. MILLER
Assistant U.S. Attorney

6/14/22
DATED

/s/ Russell S. Babcock
RUSSELL S. BABCOCK
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

6-12-22
DATED

/s/ Juan Zepeda
JUAN CARLOS ZEPEDA-SANTOS
Defendant

17

Def. Initials ___
Case No. 22-cr-216-JLS